IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TERRELL MCMURRY, #50452-019**                                **PETITIONER**

**VERSUS**                                 **CIVIL ACTION NO. 5:07-cv-93-DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo**                          **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal after screening pursuant to 28 U.S.C. § 2243. Petitioner McMurry, an inmate at the Federal Correctional Institute (FCI), Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon liberal review of the Petition [1], Response [5] and Attachment [6] filed by the Petitioner, this Court has reached the following conclusions.

Petitioner states that in May of 2001, he was convicted of money laundering, continuing criminal enterprise and aiding/abetting in the United States District Court for the Middle District of Tennessee. As a result, petitioner was sentenced to serve 162 months in the custody of the Bureau of Prisons (BOP). Petitioner complains that he was transferred from a minimum security facility to the Federal Correctional Institute in Yazoo City, on June 13, 2002, as a result of an incident involving a cell phone. Petitioner asserts that since he has arrived at FCI-Yazoo, he has maintained clear conduct and the refusal to transfer him to another minimum security facility is an abuse of discretion.[1] Petitioner requests that this Court order the Bureau of Prisons to transfer

---

[1] Petitioner argues that he was not administratively charged for the incident involving the cell phone and the BOP is allowing other inmates to transfer back to minimum security facilities when their sanctions expire and he should not be treated differently from these similarly situated inmates. To the extent the Petitioner is attempting to assert a Equal Protection Claim, his allegations fail to rise to the level of a constitutional deprivation. *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993).

him to a minimum security facility.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, federal habeas relief cannot be granted unless the petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir.2000).

It is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir.1997). The Bureau of Prisons has "sole discretion" to determine where a federal inmate will be housed. *United States v. Williams*, 65 F.3d 301, 307 (2d Cir.1995). Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, Petitioner is not entitled to the requested relief.

## Conclusion

In sum, the Petitioner is not entitled to placement in the correctional facility or location of his choosing. As such, Petitioner has failed to state a viable claim for habeas corpus relief and

this petition shall be dismissed, with prejudice.

      A Final Judgment in accordance with this Memorandum Opinion shall be issued this date.

      SO ORDERED, this the  4th  day of September, 2007.


                                        s/ David Bramlette  
                                        UNITED STATES DISTRICT JUDGE